David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Attorneys for Plaintiff
Miriam Montufar

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Miriam Montufar | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Capital Receivables Management Services, L.P. | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. Miriam Montufar, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Capital Receivables Management Services, L.P., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

### JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, Defendant conducted business within the State of Arizona.

### PARTIES

11. Plaintiff is a natural person who resides in the City of Phoenix, State of Arizona.

12. Defendant is located in the City of Buffalo, in the State of New York.

13. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

15. Sometime before March 18, 2016, Plaintiff is alleged to have incurred certain financial obligations to Capital One.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Sometime thereafter, but before March 18, 2016, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the alleged debt.

18. Subsequently, but before March 18, 2016, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. In a letter dated, March 3, 2016, Defendant Capital Receivables Management Services, L.P. sent an initial collection letter to Plaintiff attempting to collect the alleged debt.

20. This letter was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

21. In response to this letter, on or about March 18, 2016, Plaintiff sent Defendant a certified letter, that this alleged debt, or some portion of it, was disputed.

22. In this same correspondence, in a manner consistent with 15 U.S.C. § 1692c(c) Plaintiff informed Defendant Plaintiff refused to pay the alleged debts.

23. Plaintiff received confirmation that Defendant signed for the certified letter on March 28, 2016.

24. Despite Plaintiff's written request to stop contacting her, Defendant continued to Defendant continued to send a collection letter on June 11, 2016; consequently, Defendant violated 15 U.S.C. § 1692c(c).

25. These letters to Plaintiff were a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

26. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

27. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

28. Defendant further failed to verify the alleged debt in response to Plaintiff's dispute. Consequently, Defendant violated 15 U.S.C. § 1692g(b).

29. Defendant's actions caused Plaintiff actual damages in the form or emotional distress mental anguish type damages, which manifested in symptoms including but not limited to: stress, anxiety, embarrassment, worry, sleeplessness, hopelessness, helplessness, all impacting her personal and professional relationships.

### CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

30. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

31. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

32. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

33. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: December 15, 2016        By: /s/ David J. McGlothlin
                                David J. McGlothlin
                                Attorneys for Plaintiff